LUIGI MALAFRONTE *vs.* JOSEPH MILONE.

MARCH 4, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst and Sweetland, JJ.

*(1) Bills of Exceptions.*

Under the provisions of cap. 298, § 17, Gen. Laws, 1909, in case a party files a motion for a new trial, his notice of intention to prosecute a bill of exceptions shall not be filed until after notice of decision upon said motion for a new trial.

In seeking a review in the Supreme Court the intention of the statute is that proceedings for bringing the exceptions before the court shall be commenced after the final decision of the Superior Court in the case, in order that all exceptions may be embodied in one bill, to be presented at one time.

*(2) Bills of Exceptions. New Trial.*

Where a plaintiff excepted to a ruling directing a verdict for defendant on one count and after a verdict in his favor on a second count, filed a petition in the Superior Court for a new trial on the question of damages, and also a notice of his intention to prosecute a bill of exceptions upon his exception to the ruling directing a verdict, but failed to file his bill of exceptions and after his motion for new trial had been denied, filed a bill of exceptions stating among others, the exception to the ruling on the first count, the exception will be considered, since the notice of intention to prosecute a bill of exceptions first filed, was premature and ineffectual.

*(3) ? Bills of Exceptions. Waiver. New Trial.*

Upon the first count of a declaration, the court granted the motion of defendant for direction of a verdict and plaintiff excepted. After verdict in favor of the plaintiff on second count, he moved for a new trial, which motion was denied.

*Held,* that the exception to the ruling of the court on the first count was not waived by the petition for new trial, with reference to the verdict on the second count.

*Barstow* v. *Turner*, 29 R. I. 100, distinguished.

TRESPASS ON THE CASE. Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and denied.

SWEETLAND, J. This case is before us upon the defendant's motion to dismiss the plaintiff's bill of exceptions so far as the same relates to the plaintiff's exception taken at the trial to the ruling of the justice of the Superior Court directing a verdict for the defendant upon the first count of the declaration. The action is one of trespass on the case to recover damages for injuries alleged to have been caused by the defendant's dog while out of the inclosure of the defend-

ant.  The first count alleges that while the plaintiff was driving upon a public highway in the town of Bristol, the defendant's dog bit the plaintiff's horse, which the plaintiff was driving, attached to a wagon in which the plaintiff was riding; that thereby the plaintiff's horse was caused to run away and the plaintiff was thrown from the wagon and severely injured.  The second count alleges the biting and wounding of said horse by the plaintiff's dog, whereby the said horse was severely injured.

At the trial, upon the conclusion of the testimony, the justice presiding directed the jury to return a verdict for the defendant upon the first count of the declaration to which ruling the plaintiff excepted; upon the second count of the declaration, after deliberation, the jury returned a verdict for the plaintiff for five dollars.   Within seven days after the verdict, the plaintiff filed a motion for a new trial, addressed to the Superior Court, and also upon the same day the plaintiff filed a notice of his intention to prosecute a bill of exceptions to the Supreme Court upon his exception to the ruling of said justice directing a verdict for the defendant upon the first count of the declaration, and a time was fixed by the justice for filing such bill of exceptions. In filing said notice of intention to prosecute a bill of exceptions the plaintiff misconceived the procedure provided by statute for bringing exceptions to this court.  The plaintiff apparently did not intend to rely entirely upon his exception to the ruling directing a verdict upon the first count, but he also desired to question the adequacy of the damages assessed by the jury upon the second count.  To raise the latter question it was necessary for him to file his motion for a new trial in the Superior Court, as he did.   Under the provisions of Chapter 298, § 17, Gen. Laws, 1909, in case a party files a motion for a new trial, his notice of intention to prosecute a bill of exceptions shall not be filed until after notice of decision upon said motion for a new trial.   The intention of the statute is that the proceedings for bringing exceptions to this court shall be commenced after the final

decision of the Superior Court in the case, in order that all the exceptions of a party, taken throughout the travel of the case in the Superior Court, upon which he relies, may be embodied in one bill of exceptions, to be presented at one time to this court.

The plaintiff failed to file his bill of exceptions upon his exception to the ruling of said justice directing a verdict for the defendant upon the first count at the time fixed by said justice for filing said bill of exceptions. Later the justice of the Superior Court denied the plaintiff's motion for a new trial, and within seven days after notice of such decision the plaintiff gave notice of his intention to prosecute a bill of exceptions to this court. Within the time fixed by the justice upon this notice, the plaintiff filed his bill of exceptions, which is now pending here. In this bill, among other exceptions, the plaintiff states his exception to the ruling (2) of the justice directing a verdict for the defendant upon the first count. The defendant, in the motion now before us, moves that said bill be dismissed so far as it relates to that exception. The defendant contends that the plaintiff by filing his notice of intention to prosecute a bill of exceptions upon that specific exception and failing to file such bill within the time fixed by the justice, has lost his right to be heard upon that exception. We are of the opinion that the plaintiff's notice of intention to prosecute a bill of exceptions first filed was prematurely given, that it was entirely ineffectual. If the plaintiff had proceeded under it and filed his bill of exceptions as directed by the justice, such bill should have been dismissed. The action of the plaintiff in that respect may be disregarded. In preparing the bill of exceptions now pending in this court the plaintiff properly included in the bill a statement of the exception in question, as one upon which he now relies. The defendant's motion should be denied unless there be force in his second contention.

(3) The defendant claims, secondly, that the incorporation of the exception in question in plaintiff's bill of exceptions

is idle and nugatory, because the plaintiff by filing his motion for a new trial waived his exception to the direction of a verdict upon the first count of the declaration.   If this claim is sound the plaintiff is placed in an unfortunate position; for under the statute he cannot be permitted to bring the exception in question to this court until after a decision upon his motion in the Superior Court for a new trial, if he makes such a motion; he cannot raise his objection to the finding of the jury upon the second count unless he prosecutes his motion for a new trial in the Superior Court; and, it is claimed, if he files such a motion for a new trial, he has thereby waived the exception in question.   The defendant urges this claim upon the authority of *Barstow* v. *Turner,* 29 R. I. 100.   The defendant finds language in that opinion from which he draws the general rule that an exception taken to the ruling upon a motion to direct a verdict is waived by a subsequent motion for a new trial.   The principle stated in that case does not have such general application.   In *Barstow* v. *Turner,* the defendant's motion for the direction of a verdict in his favor had been denied and he had excepted to the denial, after verdict for the plaintiff the defendant had moved for a new trial, which motion had been granted.   After he had thus obtained the new trial which he sought, this court would not hear him upon his exception to the refusal of the Superior Court to direct a verdict in his favor.   *Barstow* v. *Turner,* is applicable only to cases which present a similar condition.   If in that case the defendant's motion for a new trial had been denied rather than granted, and the defendant had excepted to such denial; and in his bill of exceptions he had stated both his exception to the denial of his motion for a new trial and his exception to the refusal to direct a verdict, this court would have been obliged to consider the latter exception or at any rate the question involved in it.   It would have made little difference whether that exception had been regarded as properly a part of the bill of exceptions, or as having been waived or as merged in the procedure under the statute, for

the question involved in that exception would be before the court for consideration. Chapter 298, § 22, Gen. Laws, 1909, provides among other things that upon consideration of any bill of exceptions if the Supreme Court shall find that there is no evidence to support the verdict it may order judgment in the Superior Court for the party prosecuting the bill of exceptions. By the language, "no evidence to support the verdict," is meant, "no sufficient legal evidence to support the verdict." Whether or not there is sufficient legal evidence to warrant a verdict against the moving party is the question in a motion to direct a verdict.

*Barstow* v. *Turner* has no application in the case at bar. The ruling in question to which the plaintiff excepts was not made upon his motion to direct a verdict in his favor, but was a ruling granting the defendant's motion to direct a verdict against the plaintiff. The ruling of the justice related to one count of the declaration only. The other count was left to the determination of the jury and the jury's verdict upon the second count, which was unsatisfactory to the plaintiff, is, in part at least, the subject of the plaintiff's motion for a new trial. Furthermore, the plaintiff's motion for a new trial was not granted, but was denied.

The defendant's motion to dismiss is denied.

*Anthony V. Pettine*, for plaintiff.

*A. A. Capotosto*, for defendant.